UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYLE BLANK, et al.,

         Plaintiffs,

    v.

SHARP YACHT SALES AND SERVICES, INC., et al.,

         Defendants.

CASE NO. C05-1055JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion for summary judgment on the question of liability against Defendant Sharp Yacht Sales and Services, Inc. ("Sharp") (Dkt. # 26) and a motion to continue pursuant to Fed. R. Civ. P. 56(f) filed by Sharp (Dkt. # 32). The court DENIES Plaintiffs' motion without prejudice and GRANTS Defendant Sharp's motion.

## II. BACKGROUND & ANALYSIS

In February 2005, a fire destroyed Plaintiff Lyle Blank's vessel, the M/V NORDIC STAR. Mr. Blank and the vessel's insurer, Plaintiff OneBeacon Insurance Company, filed suit against Defendants alleging negligence and strict products liability. Specifically, Plaintiffs allege that the fire resulted from overheating of the heating system

ORDER – 1

which was installed by Sharp, manufactured by Defendant Webasto Product N.A., and included an exhaust system supplied by Defendant Sure Marine Services, Inc. Plaintiffs now move for summary judgment on the question of Sharp's liability. Sharp opposes the motion and requests that the court continue or deny it pursuant to Fed. R. Civ. P. 56(f) ("Rule 56(f)") in order to allow discovery to continue.

Where the non-moving party to a summary judgment motion demonstrates that it needs additional discovery to oppose a summary judgment motion, the court has wide discretion to deny summary judgment or grant additional time for the non-moving party to conduct discovery. Fed. R. Civ. P. 56(f); Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine, 323 F.3d 767, 773-74 (9th Cir. 2003). Courts grant motions for continuances "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Burlington, 323 F.3d at 774 (9th Cir.2003) (quoting Wichita Falls Office Assoc. v. Ban One Corp., 978 F.2d 915, 919 n. 4 (5th Cir.1992)).

The court concludes that Plaintiffs' motion for summary judgment is premature. Plaintiffs filed their motion a full month and a half prior to the discovery cut-off in this matter. The court finds unavailing Plaintiffs' attempt to cast its motion as requiring nothing more than a determination of law based on undisputed facts. Here, documentation or witness testimony may prove dispositive on the critical question of proximate cause, an issue that is hotly contested among the Defendants. In support of its Rule 56(f) motion, Sharp has cited the specific evidence that it seeks to gain through ongoing discovery. Sharp is entitled to continue to proceed with discovery, shepherd the evidence in its favor, and present a full defense on the merits.

ORDER – 2

### III. CONCLUSION

For the reasons stated above, the court GRANTS Defendant Sharp's motion to continue (Dkt. # 32) and DENIES Plaintiffs' summary judgment motion without prejudice (Dkt. # 26). Plaintiffs may refile their motion only after discovery has closed.

Dated this 4th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3